UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AL-RAHMAN IBRAHEEM          )   Case No.
                            )
           Plaintiff,       )   CV10-1664
                            )
    vs.                     )   COMPLAINT
                            )
I.C. SYSTEM, INC.           )   Jury Trial Demanded
                            )
           Defendant.       )
                            )

PLAINTIFF, Al-Rahman Ibraheem ("Plaintiff"), by and through the undersigned attorney, files this Complaint against DEFENDANT, I.C. System, Inc. ("Defendant"), and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

   (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

Case 2:10-cv-01664-JS-ETB   Document 1   Filed 04/09/10   Page 2 of 5 PageID #: 2

## III. PARTIES

3. Plaintiff, Al-Rahman Ibraheem ("Plaintiff"), is a natural person residing in Suffolk County, New York.

4. Defendant, I.C. System, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

   i. Falsely representing the character, amount, or legal status of Plaintiffs debt, including Defendant attempting to collect a grossly inflated amount on the alleged debt without providing any justification whatsoever except for its collection agent Josh stating, Well this is the amount we have from AT&T and you have to pay it. (§ 1692e(2)(A));

*Complaint*
*Page 2 of 5*

ii. In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff, specifically, Defendants collection agent Josh, stating during a telephone call on or about December 22, 2009, that Its not fault that we have this bill. I didnt acquire this bill. I didnt break my contract with AT&T. Its very irresponsible of you to allow your bills to get this far! (§ 1692d(2));

iii. Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff, including Defendants collection agent, Josh, stating during a telephone call on or about January 12, 2010, that You bounced your first check! You better make sure the money is there this time!! I dont care if you dont have the money, this is your responsibility, so you better do whatever you need to do!! (§ 1692e(7))(§ 1692d(2));

iv. Communicating or threatening to communicate credit information which is known or which should be known to be false, including Defendants collection agent, Josh, stating to Plaintiff during a January 12, 2010, telephone that, If you dont pay this balance in full immediately, Im going to be forced to take actions against your credit!! (§ 1692e(8));

v. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including Defendants collection agent stating in a telephone call on or about

       January 14, 2010, that they had no record of any phone call from Josh from their company on January 12, 2010, when Plaintiff called the Defendant to report the incident and to speak to Joshs supervisor (§ 1692e(10)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;
    B. Actual damages pursuant to 15 USC 1692k;
    C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

This 23rd day of March, 2010.

ATTORNEYS FOR PLAINTIFF
*Al-Rahman Ibraheem*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com